UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CARL A. ECHOLS,<br><br>Plaintiff,<br><br>vs.<br><br>KEITH BUTTS Superintendent, CLASSIFICATION COMMITTEE, PCF/IR, CLASSIFICATION OF SUPERVISOR, PCF/IR, BRUCE LEMON Commissioner, DICK BROWN Supertendient, POWERS Correctional Officer/Trip Officer, LOVELACE Correctional Officer/Trip Officer, KIM HOBBSON, RONALD WELLS Counselor, JULIE SNYDER Counselor, MARLA GADBERRY, JACQUE LECLARC Doctor, LOLIT JOSEPH Doctor, JAFFRI Doctor, HEALTH CARE SERVICES, CORIZON MEDICAL SERVICES, CORRECTIONAL MEDICAL SERVICES,<br><br>Defendants. | ) | Case No. 2:13-cv-00249-JMS-WGH |

**Order Severing Misjoined Claims and Directing the Opening of New Civil Actions**

Plaintiff Carl A. Echols filed this civil rights complaint against seventeen defendants based on events which occurred at the Pendleton Correctional Facility ("PCF") and Wabash Valley Correctional Facility ("Wabash Valley").

**I.**

In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals explained that A[u]nrelated claims against different defendants belong in different suits.@ Rule 20 of the *Federal Rules of Civil Procedure* allows joinder of multiple parties only when the allegations

against them involve the same conduct or transaction and common questions of fact and law as to all defendants. Echols' complaint violates the misjoinder of claims limitation of Rule 20. The violation here consists of the diversity of claims against the multitude of defendants. *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006)("Misjoinder [under Rule 21] . . . occurs when there is no common question of law or fact or when . . . the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction."). Echols' complaint purports to raise eighteen claims. These claims fall into four categories consistent with the following:

**1. Retaliatory Transfer**

Echols alleges that on March 12, 2012, an unknown PCF staff member retaliated against him for complaining and to prevent him from filing a lawsuit by transferring him to Wabash Valley. Superintendent Butts and Commissioner Lemmon allowed the retaliatory classification process to proceed.

**2. Transportation**

Echols alleges that on March 21, 2012, trip officers Powers and Lovelace transported him from PCF to Wabash Valley. Echols informed the officers that he had a back injury before leaving PCF. During the trip, Echols was retrained with a chain and black box around his waist. These restraints forced Echols to sit in an awkward position which aggravated his sciatic nerve. Superintendent Brown is allegedly liable for safe prisoner transportation. Counselor Wells allegedly denied Echols a grievance form to complain about the trip officers and the transport restraints.

**3. Classification**

Ms. J. Snyder allegedly filed an invalid report of classification at Wabash Valley.

**4. Medical Care**

Dr. LeClerc, Dr. Lolit Joseph, Marla Gadberry, Dr. Jaffri, Corizon Medical Services and Correctional Medical Services allegedly provided constitutionally inadequate medical care for Echols' pain. Brion Bertsch and Jewel Kleege are providing Echols with mental health care.

In such a situation, "[t]he court may . . . sever any claim against a party." FED. R. CIV. P. 21. Generally, if a district court finds that a plaintiff has misjoined parties, the court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than

dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). That is the remedy which will be applied to the complaint.

**II.**

Consistent with the foregoing, the claims against Dick Brown, Powers, Lovelace, Kim Hobbson, Ronald Wells, Julie Snyder, Marla Gadberry, Jacque LeClarc, Lolit Joseph, Jaffri, Health Care Services, Corizon Medical Services and Correctional Medical Services are **severed from the original complaint.**

**III.**

To effectuate the ruling in Part II of this Entry, three new civil actions from the Terre Haute Division shall be opened, consistent with the following:

a. Carl A. Echols shall be the plaintiff in each of the newly opened actions.

b. The Nature of Suit in each of the newly opened actions shall be 555.

c. The Cause of Action of each of the newly opened actions shall be 42:1983pr.

d. The complaint in this action shall be filed and re-docketed as the complaint in each of the newly opened actions. Echols' request to proceed in forma pauperis shall likewise be filed and re-docketed in each of the newly opened actions.

e. A copy of this Entry shall be docketed in the newly opened action.

f. This action and each of the newly-opened actions shall be shown with this action and with each other as linked actions.

g. The defendants in the first of the newly opened actions shall be Correctional Officer/Trip Officer Powers, Correctional Officer/Trip Officer Lovelace and Counselor Ronald Wells.

h. The defendants in the second of the newly opened actions shall be Ms. J. Snyder.

i. The defendants in the third of the newly opened actions shall be Dr. LeClerc, Dr. Lolit Joseph, Marla Gadberry, Dr. Jaffri, Health Care Services, Corizon Medical Services, Correctional Medical Services, Brion Bertsch and Jewel Kleege.

**IV.**

Claims in the newly-opened actions are distinct from those in this action and from each other. Consistent with the determination and rulings made in Part III of this Entry, all claims against Correctional Officer/Trip Officer Powers, Correctional Officer/Trip Officer Lovelace, Counselor Ronald Wells, J. Snyder, Dr. LeClerc, Dr. Lolit Joseph, Marla Gadberry, Dr. Jaffri, Health Care Services, Corizon Medical Services, Correctional Medical Services, Brion Bertsch and Jewel Kleege are dismissed without prejudice. These defendants are terminated in this action.

The action docketed as Case No. 2:13-cv-249-JMS-WGH shall proceed as to "Classification Committee, PCF/IR," "Classification of Supervisor, PCF/IR," Commissioner Bruce Lemmon and Superintendent Keith Butts. The claim against these defendants is that Echols was retaliated against for complaining and to deny him access to the court.

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date: 07/08/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

CARL A. ECHOLS
866351
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only