UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CARL A. ECHOLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:13-cv-00249-JMS-WGH |
| ) | |
| KEITH BUTTS Superintendent, ) | |
| CLASSIFICATION COMMITTEE, PCF/IR, ) | |
| CLASSIFICATION OF SUPERVISOR, ) | |
| PCF/IR, BRUCE LEMON Commissioner, ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Complaint and Directing Further Proceedings**

**I.**

The plaintiff's request to proceed *in forma pauperis* [dkt. 3] is **granted.** The assessment of even an initial partial filing fee is not feasible at this time.

**II.**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss,

the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Carl A. Echols, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The Court previously severed certain claims from this action and found that this action would proceed as to as to "Classification Committee, PCF/IR," "Classification of Supervisor, PCF/IR," Commissioner Bruce Lemmon and Superintendent Keith Butts. Echols alleges that on March 12, 2012, an unknown PCF staff member retaliated against him for complaining and to prevent him from filing a lawsuit by transferring him to Wabash Valley. Superintendent Butts and Commissioner Lemmon allegedly allowed the retaliatory classification process to proceed.

To state a claim of retaliation, Echols must allege that he engaged in a protected activity, he suffered a deprivation likely to prevent future protected activities, and there was a causal connection between the two. *See Felton v. Huibregtse*, 2013 WL 2249536, *2 (7th Cir. May 23, 2013) (citing *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). The facts presented in the complaint are insufficient to state a plausible claim for relief against any defendant. For example, it is unclear what Echols complained about that led to the transfer and how the transfer restricted his access to the court.

In addition, there are no allegations in the complaint upon which the court could conclude that either Superintendent Butts or Commissioner Lemmon had a role in causing the alleged violation. "[T]o establish personal liability in a [42 U.S.C.] § 1983 action, the plaintiff must

show that the government officer caused the deprivation of a federal right." *Hernandez v. Foster*, 657 F.3d 463, 487 (7th Cir. 2011)(internal citation omitted).

### III.

For the reasons explained above, the complaint fails to state a claim upon which relief can be granted as to any of the defendants and must therefore be dismissed pursuant to ' 1915A. The dismissal of the complaint will not in this instance lead to the dismissal of the action. Instead, Echols shall have **through July 31, 2013,** in which **to file an amended complaint** which corrects the deficiencies noted in Part II of this Entry.

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," (b) the amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances, (c) the amended complaint must identify the factual basis for the claim of retaliation and/or denial of access to the court and what persons are responsible for each such legal injury, and (d) the amended complaint shall contain a clear statement of the relief which is sought.

**IT IS SO ORDERED.**

Date: 07/08/2013

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

CARL A. ECHOLS
866351
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only