UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CARL A. ECHOLS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KEITH BUTTS Superintendent, )<br>CLASSIFICATION COMMITTEE, PCF/IR, )<br>CLASSIFICATION OF SUPERVISOR, )<br>PCF/IR, BRUCE LEMON Commissioner, )<br>)<br>Defendants. ) | Case No. 2:13-cv-00249-JMS-WGH |

**Entry Denying Motion to Reconsider**

Before the Court is the plaintiff's request that this action be reopened so that he may have another opportunity to file an amended complaint. *Amendola v. Bayer,* 907 F.2d 760, 765 n.1 (7th Cir. 1990) ("In this circuit, after a judgment has been entered, a party must have the judgment reopened pursuant to Federal Rule of Civil Procedure 59(e) or 60(b) and then request leave to amend pursuant to Rule 15(a).").

Given the timing of the plaintiff's motion to alter or amend judgment relative to the entry of final judgment on August 14, 2013, and given the arguments set forth in such motion, the motion is treated as labeled and as a motion pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. *See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time frame contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s]

newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)).

There was in this case no manifest error of law or fact. Apparently, the plaintiff seeks reconsideration of the dismissal of this action for the reasons set forth in the Entry of July 8, 2013, and August 14, 2013. The Court properly screened the complaint pursuant to 28 U.S.C. § 1915A(b) and gave the plaintiff an opportunity to file a viable amended complaint. The plaintiff failed to avail himself of this opportunity and the case was dismissed. No persuasive basis for reconsidering these rulings has been shown. Accordingly, the post-judgment motion to alter or amend judgment [dkt. 10] is **denied.**

Similarly, the plaintiff's post judgment motion to amend his complaint [dkt. 10] is **denied**. Once judgment was entered, Echols no longer had any right to file an amended pleading, *see Weiss v. Cooley*, 230 F.3d 1027, 1034 (7th Cir. 2000); *Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir. 1995), and in any event he has not specified how he proposes to amend his complaint.

**IT IS SO ORDERED.**

Date: 08/23/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

CARL A. ECHOLS
866351
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only